**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JON R. BUTTON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** 1:26-cv-965 |
| | § | |
| **KEOLIS NORTH AMERICA A/K/A KEOLIS TRANSIT SERVICES, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Keolis North America a/k/a Keolis Transit Services, LLC[1] ("Defendant") files this Notice of Removal of Cause No. D-1-GN-26-001314 filed by Plaintiff Jon R. Button ("Plaintiff" or "Button") in the 353rd Judicial District Court of Travis County, Texas, to the United States District Court for the Western District of Texas, Austin Division. In support thereof, Defendant respectfully shows the Court as follows:

## I. INTRODUCTION

On or about February 26, 2026, Plaintiff Jon R. Button initiated this action, captioned *Jon R. Button v. Keolis North America a/k/a Keolis Transit Services, LLC,* in the 353rd Judicial District Court, Travis County, Texas by filing Plaintiff's Original Petition ("Original Petition"). The District Court designated Plaintiff's action as Cause No. D-1-GN-26-001314 ("State Court Action"). *See* Plaintiff's Original Petition, attached hereto as **Exhibit A**.

While the District Court issued Citation on February 26, 2026, and the Citation was allegedly served on March 4, 2026, that alleged service was improper. *See* Service of Process,

[1] Plaintiff employs several variations of the Defendant's name in his Petitions. The correct entity name is Keolis Transit Services, LLC. This is the proper legal name of the entity that employed Plaintiff.

attached hereto as **Exhibit B**. Service was allegedly completed "[b]y serving HR Manager Rahila Well." *See* **Ex. B**. In order to properly serve a corporate defendant in Texas, "a plaintiff may serve the corporation's registered agent, its president, or its vice-president." *Zhao v. Sea Rock Inc.*, 659 S.W.3d 119, 127 (Tex. App.—El Paso 2022, pet. denied); *see also* TEX. BUS. ORGS. CODE §§ 5.201(b), 5.255(1). Rahila Well is not Defendant's corporate registered agent, president, or vice-president. Accordingly, service was improper.

Plaintiff amended his Original Petition by filing his First Amended Original Petition ("Amended Petition") on March 12, 2026. Therein, he properly named Defendant as Keolis Transit Services, LLC. *See* Plaintiff's First Amended Original Petition, attached hereto as **Exhibit C**. On or about March 17, 2026, Defendant's registered agent was served with Plaintiff's First Amended Original Petition, in person. *See* Service of Process, attached hereto as **Exhibit D**. Defendant thus had 30 days from March 17, 2026, to remove the State Court Action to this Court. See 28 U.S.C. § 1446(b).

As required by 28 U.S.C. § 1446(a), a copy of the docket sheet and true and correct copies of all process, pleadings, and orders related to the state court proceeding are attached hereto as **Exhibit E** and incorporated herein by reference.

In the Amended Petition, Plaintiff alleges that Defendant created a hostile work environment, and he then articulates numerous workplace complaints. *See* **Ex. C**, ¶¶ 6-22. Plaintiff further alleges that Defendant's Human Resources department failed: to investigate a concern with the union, to provide FMLA paperwork, or to fill out medical forms. **Ex. C**, ¶ 23. Plaintiff does not affirmatively assert any causes of action in his Amended Petition, nor does he specify under which laws he asserts his unspecified claims. *See, generally*, **Ex. C**.

## II. JURISDICTION

This Court has original jurisdiction over this civil action based on diversity of citizenship.

*See* 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter when: (1) the amount in controversy exceeds $75,000, exclusive of interest and costs and (2) the dispute is between citizens of different states. *Id.* § 1332(a)(1). Both requirements are satisfied in this case.

**A. Complete Diversity of Citizenship Exists Between the Parties.**

According to his Amended Petition, Plaintiff is resident of the State of Texas. **Ex. C**, ¶¶ 1, 28. In contrast, Defendant is a limited liability company formed in and under the laws of the State of Delaware and having a single member: Keolis Transit America, Inc. O'Friel Decl. ¶¶ 4-5, attached hereto as **Exhibit F**. For the purposes of diversity jurisdiction, "the citizenship of an LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted).

Keolis Transit America, Inc. is a corporation formed in and under the laws of the State of Delaware, with its headquarters in Boston, Massachusetts**. Ex. F**, ¶ 6. As such, Keolis Transit America, Inc. is a citizen of Delaware and of Massachusetts. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-95 (2010). Therefore, Defendant, after consideration of the citizenship of all its members, is a citizen of the states of Delaware and of Massachusetts.

Because Plaintiff and Defendant are not citizens of the same state, the statutory requirements of 28 U.S.C. § 1332(a)(1) are satisfied, as there is complete diversity between the parties in this action.

**B. The Amount in Controversy Exceeds $75,000.**

In his Amended Petition, Plaintiff seeks damages in excess of $700,000. **Ex. C**, ¶ 27. Although Defendant altogether denies Plaintiff is entitled to any relief, it is apparent from the face of the Petition that the amount in controversy exceeds $75,000, satisfying the amount in controversy requirement. *See* 28 U.S.C. § 1332(a); *see also White v. FCI USA, Inc.*, 319 F.3d 672,

674 (5th Cir. 2003) (noting this burden is normally satisfied if the plaintiff claims a sum greater than the jurisdictional requirement).

In his Amended Petition, Plaintiff alleges that if he proves his unspecified claims, he would be entitled to back pay, front pay, compensatory damages, and punitive damages. **Ex. C** ¶¶ 25-27. According to his employment records, Plaintiff's last day of employment with Defendant was May 21, 2025, at which time he was working full time and earning $32.71 per hour with an annual salary of $68,036.80. **Ex. F**, O'Friel Decl. ¶ 7. Although Defendant denies Plaintiff is entitled to recover any damages, if he were to recover back wages from May 21, 2025, through the date of trial—conservatively estimated at one year from date Plaintiff filed his Amended Petition, *i.e.,* February 28, 2027—Plaintiff would be entitled to back wages in the amount of $121,681.20, which would satisfy the jurisdictional amount alone.[2] *See Richey v. Wal-Mart Stores, Inc.,* 390 F. App'x 375, 379 (5th Cir. 2010) (per curiam) (finding amount in controversy satisfied where defendant-employer presented evidence of plaintiff's wage rate in discrimination case).

Additionally, Plaintiff seeks front pay, compensatory damages, or punitive damages in this action on top of the afore calculated backpay, all of which may be considered at this stage to increase the amount in controversy even further beyond the requisite threshold. *See Ford v. United Parcel Serv., Inc. (Ohio)*, No. 3:14-CV-1872-D, 2014 WL 4105965, at *3 (N.D. Tex. Aug. 21, 2014) (finding amount in controversy met in sex discrimination case when accounting for front pay, compensatory damages, punitive damages, and attorneys' fees). Accordingly, the amount-in-controversy in this matter exceeds the $75,000 threshold to satisfy the second prong of diversity jurisdiction.

[2] There are six hundred and forty-eight (648) days between May 21, 2025, and February 28, 2027, which is approximately 93 weeks from the last day Plaintiff performed work for Defendant to the estimated date of trial, calculated occurring one year from the date Plaintiff filed his Petition. $1,308.40 per week (= $32.71/hour multiplied by 40 hours/week) multiplied by 93 workweeks, equals lost wages in the amount of $121,681.20.

## III. VENUE AND PROCEDURAL PREREQUISITES

The Western District of Texas, Austin Division, is the federal district and division that encompasses the 353rd Judicial District Court of Travis County, Texas. *See* 28 U.S.C. § 124(d)(1). This Notice of Removal is filed within 30 days of Defendant being properly served with a copy of Plaintiff's Amended Petition (on March 17, 2026, per **Ex. D**) and is therefore timely filed under 28 U.S.C. § 1446(b)(1). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. §§ 1441(a) and 1446.

Because Defendant is the only defendant named in this action, no other parties are required to consent to the removal of this action. *See* 28 U.S.C. § 1446(b)(2)(A) (requiring that all defendants must join in the removal of an action over which a federal court has original jurisdiction).

As required under 28 U.S.C. § 1446(d), Defendant will provide prompt written notice of the filing of this Notice of Removal to all adverse parties and will file a copy of the Notice of Filing Notice of Removal with the 353rd Judicial District Court of Travis County, Texas.

By removing this action prior to filing its answer in State Court Action, Defendant does not waive any defenses, objections, or motions available to it under state or federal law. Defendant specifically reserves its right to file a responsive pleading or motion pursuant to Federal Rule of Civil Procedure 12 or any other applicable rule or law.

## IV. CONCLUSION

Having demonstrated complete diversity of citizenship of the parties and the prerequisite amount in controversy, this matter is properly removed to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. For the foregoing reasons, this matter is removable procedurally under 28 U.S.C. §§ 1441 and 1446. As such, Defendant respectfully requests the removal of this action

from the 353rd Judicial District Court of Travis County to the United States District Court for the Western District of Texas, Austin Division.

Dated: April 16, 2026

Respectfully Submitted,

*/s/ Kelli Fuqua*

Kelli Fuqua
Texas Bar No. 24097713
kfuqua@littler.com
Gregory Dimirsky
Texas Bar No. 24142609
gdimirsky@littler.com
LITTLER MENDELSON, P.C.
100 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone: 512.982.7250
Facsimile: 512.982.7248

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2026, a true and correct copy of the above and foregoing has been served via email and Certified Mail Return Receipt Requested No. 9589071052703852315640 to the following *Pro Se* Plaintiff:

Jon R. Button
102 Lemuel Crawford Trail
Bastrop, Texas 78602
jaybeekillerbee@gmail.com

***Pro Se Plaintiff***

*/s/ Kelli Fuqua*
Kelli Fuqua
Greg Dimirsky