**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JON R. BUTTON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:26-CV-00965-RP** |
| | § | |
| **KEOLIS NORTH AMERICA A/K/A KEOLIS TRANSIT SERVICES, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED PETITION**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Keolis North America a/k/a Keolis Transit Services, LLC ("Defendant" or "Keolis"), moves to dismiss Plaintiff Jon R. Button's ("Plaintiff") First Amended Original Petition ("Petition") for failure to state a claim upon which relief may be granted as follows:

## I. INTRODUCTION

Plaintiff filed his Original Petition in the 353rd Judicial District Court of Travis County, Texas, on February 26, 2026. Dkt. No. 1-1 at 3-9. Plaintiff filed his First Amended Original Petition in the same court on March 12, 2026. Dkt. No. 1-1 at 13-19. Plaintiff's First Amended Original Petition is the live Petition for purposes of the Court's consideration of the instant Motion and, accordingly, is referred to throughout this Motion as the "Petition." Defendant removed the action to this Court on April 16, 2026. Dkt. No. 1.

The Court should dismiss Plaintiff's Petition for three key reasons: (1) Plaintiff failed to exhaust his administrative remedies, as his Charge does not include sufficient facts that reasonably trigger an EEOC investigation into the vague, unspecified theories he now asserts in his Petition;

(2) Plaintiff fails to plead a single cause of action or legal claim in his Petition; and (3) even assuming Plaintiff did plead any specific causes of action in his Petition, he fails to plead sufficient factual matter, which if accepted as true, would state any claim that is plausible on its face. For any of these reasons as further set forth below, the Court should dismiss Plaintiff's Petition with prejudice.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) empowers district courts to dismiss a plaintiff's claims if the plaintiff cannot plausibly allege any set of facts in support of his claim that entitles him to relief. *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544, 570 (2007). When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D. R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U. S. at 555 (internal citations omitted). Rather, a plaintiff is required "to plead sufficient facts on all of the ultimate elements of [his] claim." *Norsworthy v. Hous. Ind. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023) (quoting *Chhim v. Univ. of Tex. At Austin*, 836 F.3d 467, 470 (5th Cir. 2016)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U. S. at 555 (internal citations omitted).

## III. ARGUMENTS AND AUTHORITIES

### A. Plaintiff failed to exhaust his administrative remedies.

Plaintiff failed to exhaust his administrative remedies related to any claim of age discrimination or retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), or Chapter 21 of the Texas Labor Code, all as amended. A plaintiff must exhaust administrative remedies for each unique claim prior to pursuing employment discrimination or retaliation claims in court. *See Hinkley v. Envoy Air, Inc.,* 968 F.3d 544, 554 (5th Cir. 2020) (holding that exhaustion of administration remedies under Chapter 21 is mandatory and non-jurisdictional, therefore, subject to Rule 12(b)(6)).

In order to exhaust administrative remedies under the Texas Labor Code, a claimant must "(1) file a complaint with the TWC within 180 days of the alleged discriminatory act; (2) allow the TWC 180 days to dismiss or resolve the complaint; and (3) file suit in district court within 60 days of receiving a right-to-sue letter from the TWC and no later than two years after the complaint was filed." *Minor v. Diverse Facility Sols.*, No. SA-20-CV-01033-XR, 2021 WL 4350593, at *2 (W.D. Tex. Sept. 24, 2021) (quoting *Lopez v. Tex. State Univ.*, 368 S.W.3d 695, 701 (Tex. App.—Austin 2012, pet. denied)). Similarly, "[p]laintiffs bringing claims under Title VII must exhaust administrative remedies by filing a charge with the EEOC and receiving a right-to-sue notice." *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002)).

A subsequent lawsuit may "extend as far as, but not further than, the scope of the EEOC investigation which could reasonably grow out of the administrative charge." *Simmons-Myers v. Caesars Entm't Corp.*, 515 F. App'x 269, 272 (5th Cir. 2013) (quoting *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir.1993)). Additionally, a plaintiff must do more than simply check the boxes on the EEOC charge form; they must provide factual details underlying their claim in order to exhaust administrative remedies. *See Marshall v. Potter,* No. H-03-5862, 2005 WL 6443871, at

*2 (S.D. Tex. Nov. 16, 2005) ("[The Plaintiff] has, however, failed to exhaust her administrative remedies with regard to any other basis for a […] claim, since she provided no details in the body of her EEOC complaint that could reasonably have led to an investigation of a non-harassment claim."); *Carter v. RMH Teleservices, Inc.*, No. SA04CA1130RF, 2005 WL 2086036, at *4 (W.D. Tex. Aug. 10, 2005), *aff'd*, 205 F. App'x 214 (5th Cir. 2006) (collecting cases stating that to avoid dismissal for failure to exhaust, a plaintiff's administrative charge "must raise a discrimination claim with specificity"); *Givs v. City of Eunice*, 512 F.Supp.2d 522, 536-37 (W. D. La. 2007), *aff'd*, 268 F. App'x 305 (5th Cir. 2008) (checking the box without submitting any underlying facts for the claim merits dismissal for failure to exhaust).

Similar to the charge in *Givs*, Plaintiff's charge with the EEOC and the City of Austin Office of Equality & Inclusion ("Charge") checks the boxes for age discrimination and retaliation without providing any facts giving rise to such claims. *See* Dkt. No. 1-1 at 18-19 (incorporating by reference his Charge, duly filed with the EEOC and Austin Office of Equality & Inclusion, via his Notice of Right to Sue letters); **Exhibit A** ("Ex. A") (Plaintiff's December 9, 2025, Charge).[1] Plaintiff's failure to allege any facts related to age discrimination or retaliation, thereby missing the opportunity to put the EEOC on notice about them, is fatal such claims here. *Givs*, 512 F. Supp. 2d at 537; *see also Randel v. U.S. Dep't. of Navy*, 157 F.3d 392, 395 (5th Cir. 1998). Even liberal construction has its limits. Plaintiff failed to exhaust his administrative remedies as related to age discrimination and retaliation allegations and any resulting claims should be dismissed.

---

[1] *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (recognizing that a court at the Rule 12(b)(6) stage is permitted to rely on documents incorporated into the complaint by reference and matters of which a court may take judicial notice).

**B. Plaintiff fails to plead sufficient facts or any causes of action in his Petition.**

In his Petition, Plaintiff fails to present "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Not only does Plaintiff fail to state a single cause of action, but he similarly does not put forward a set of facts that taken together could create the necessary components for such a cause of action. *See* FED. R. CIV. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). "A statement of facts, such as these, that merely creates a suspicion a pleader might have a cause of action is insufficient." *Pena v. Atascosa Cnty.*, No. 5:24-CV-00199-JKP, 2025 WL 1463197, at *1 (W.D. Tex. May 21, 2025) (memo op.) (citing *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006)). Further, "[t]he court is not required to 'conjure up unpled allegations or construe elaborately arcane scripts to' save a complaint." *Rios*, 444 F.3d at 421 (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988)). Due to this fact alone, Plaintiff's Petition should be dismissed.

**C. If the Court construes Plaintiff's pleading liberally and determines he asserts any cognizable legal claims, he fails to plead sufficient facts to plausibly allege any such claims.**

Plaintiff makes numerous allegations in his Petition. Should the Court construe these pleadings liberally, determining that Plaintiff asserts any cognizable legal claims, Plaintiff still fails to plead sufficient facts to plausibly allege claims of hostile work environment, OSHA claims, age discrimination, retaliation, defamation, or FMLA interference.

**1. Plaintiff does not adequately plead a hostile work environment claim.**

Plaintiff mentions a hostile work environment. Dkt. No. 1-1 at 14, ¶ 9. Yet, Plaintiff fails to allege a *prima facie* case of hostile work environment. Plaintiff must plausibly allege that: (1) he belonged to a protected class; (2) he was subject to unwelcome harassment; (3) the harassment was based on the protected category; (4) the harassment affected a term, condition, or privilege of his employment; and (5) the employer knew or should have known of the harassment and failed

to take prompt remedial action. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012). Harassment affects a term, condition, or privilege of employment if it is sufficiently severe or pervasive to alter the conditions of the complaining party's employment and create an abusive working environment. *Id.* "To be actionable, the work environment must be 'both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.'" *Id.* (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998)). Mere teasing, rude or offensive comments, or isolated incidents will not rise to the level of actionable discrimination. *Hockman v. Westward Commc'ns, L.L.C.*, 407 F.3d 317, 326 (5th Cir. 2004).

To support his hostile work environment claim, Plaintiff alleges his supervisors surveilled his driving conduct. Dkt. No. 1-1 at 15, ¶¶ 10-13. However, this conduct, as alleged, is not sufficiently severe or pervasive as required under applicable case law. *See English v. Perdue*, 777 F. App'x 94, 98 (5th Cir. 2019) (upholding grant of motion to dismiss hostile work environment claim where employee "alleged a variety of inconsiderate and even mean conduct in his workplace" but "described that conduct only in a conclusory fashion" and "[n]one of his allegations plausibly shows that his sex or age was the basis of the allegedly hostile conduct he experienced"); *Hockman*, 407 F.3d at 326-28. Further, Plaintiff fails to allege any of the other elements of a *prima facie* hostile work environment claim. In particular, he makes no connection to any protected class, nor does he allege membership in such a class. Accordingly, to the extent Plaintiff's vague reference to a hostile work environment is construed to be a legal claim, such claim should be dismissed for failure to state a claim.

**2. There is no private right of action under OSHA.**

Plaintiff references several workplace safety concerns and complaints: issues with the buses he drove such as windshield glare, Dkt. No. 1-1 at 15, ¶ 16, and exhaust fumes leaching into

the cabin, *id.* ¶ 17, as well as general insufficient availability of bathroom facilities for drivers, *id.* at 15-16, ¶¶ 18-19. Plaintiff also raises a fear of retaliation regarding reporting these concerns. *Id.* at 16, ¶ 20. Plaintiff further insinuates that similar previous complaints about these conditions triggered adverse responses from his supervisors. *Id.* at 15, ¶ 11. If the Court interprets these statements, construed liberally, as an attempted claim of retaliation in violation of the Occupational Health and Safety Act ("OSHA") Section 11(c), OSHA's whistleblower-retaliation law, such claims similarly fail as a matter of law under Rule 12(b)(6).

OSHA does not provide a private cause of action for workplace safety grievances or retaliation under 29 U.S.C. §§ 653(b)(4), 660(c). *Sanders v. Power Ray, LLC*, No. 25-CV-00292-DC-RCG, 2025 WL 3461732, at *3 (W.D. Tex. Nov. 20, 2025); *see also Rubio v. Wingstop GSR Rest.*, No. 3:24-CV-00660-K (BT), 2024 WL 1886545, at *1 (N.D. Tex. Apr. 30, 2024) ("OSHA does not create a private right of action for employees, so the plaintiff's OSHA claim is meritless." (citing *Jeter v. St. Regis Paper Co.*, 507 F.2d 973, 977 (5th Cir. 1975))); *Longhorn Integrity Inspection Servs., LLC v. McCurdy*, 738 F. App'x 273, 274 (5th Cir. 2018) (per curiam) (citing *George v. Aztec Rental Ctr. Inc.*, 763 F.2d 184, 186 (5th Cir. 1985)) ("[W]e agree with the district court that there is no private right of action under OSHA's [retaliation] provision, 29 U.S.C. § 660(c)."). Without a private cause of action, Plaintiff fails to state a claim upon which relief can be granted. *Sanders*, 2025 WL 3461732, at *3. *See also Haddix v. CentraSol, LLC*, No. 20-CV-1995, 2021 WL 3476811, at *1 (N.D. Tex. July 21, 2021), *R. & R. adopted*, 2021 WL 3475562 (N.D. Tex. Aug. 6, 2021) (recognizing Rule 12(b)(6) as the proper vehicle to dismiss a private attempt to sue under OSHA's retaliation provision). Any potential claim Plaintiff asserts for OSHA violations or retaliation should be dismissed.

### 3. Plaintiff fails to plead any claim of age discrimination.

Plaintiff fails to plausibly allege a *prima facie* claim of age discrimination. To do so, he would need to plausibly allege that: (1) he suffered an adverse employment action, such as termination; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age. *Berquist v. Washington Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007). Plaintiff alleges no facts nor any comparators to support such a claim. If Plaintiff plausibly alleges a *prima facie* case, which fails to do in his Petition, the burden would shift to Defendant to rebut his *prima facie* case by demonstrating a legitimate, non-discriminatory justification for its actions. *See Hernandez*, 670 F.3d at 658–59 (citing *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004)). Once Defendant offers such a justification, the burden shifts back to Plaintiff, who then must show that Defendant's proffered reason is pretext for discrimination. *See id.* at 659 (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000)).

Outside of asserting that he has a good driving record, Dkt. No. 1-1 at 16, ¶ 22, Plaintiff does not plausibly allege that he was qualified for his position. Plaintiff's *prima facie* age discrimination claim fails as a matter of law because he fails to allege facts plausibly demonstrating that he was treated less favorably than any similarly situated employee outside of his protected class, was replaced by someone younger or otherwise outside the protected class, or was otherwise discharge because of his age. To be sure, Plaintiff fails to identify any other employee who was treated differently under "nearly identical" circumstances. *See Turner v. Kan. City S. Ry. Co.*, 675 F.3d 887, 893 (5th Cir. 2012). Therefore, any claim of age discrimination should be dismissed.

**4. Plaintiff does not adequately plead a retaliation claim.**

Plaintiff alleges a "fear of retaliation." Dkt. No. 1-1 at 16, ¶ 20. However, Plaintiff still fails to sufficiently plead a *prima facie* retaliation claim. To do so, Plaintiff must plausibly allege that: (1) he engaged in a protected activity, (2) he experienced an adverse employment action, and (3) a causal link exists between the protected activity and the adverse employment action. *Davis v. Dallas Indep. Sch. Dist.*, 448 F. App'x 485, 492 (5th Cir. 2011) (per curiam). If the employee can establish a *prima facie* case, the burden would then shift back to the employer to demonstrate a legitimate and non-retaliatory reason for the adverse action. If that is accomplished by the employer, the burden shifts again, back to the employee, to show that the cited reason was actually only a pretext for retaliation. *Feist v. La., Dep't of Just., Off. of the Att'y Gen.*, 730 F.3d 450, 454 (5th Cir. 2013) (citing *LeMaire*, 480 F.3d at 388-89). "[T]he employee accomplishes [this pretextual showing] by showing that the adverse action would not have occurred 'but for' the employer's retaliatory motive." *Id.* (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013)). Plaintiff fails to allege sufficient facts plausibly showing that he engaged in any sort of protected activity, let alone that it then led to his termination.

"'Protected activity is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII.'" *Lewis v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, 134 F.4th 286, 295 (5th Cir. 2025) (quoting *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003)). Plaintiff does not present any facts showing that he engaged in protected activity. Complaining about job conditions, such as glare on the bus windshields, Dkt. No. 1-1 at 15, ¶ 11, does not constitute a protected activity in this context. *Lopez v. AT&T Mobility Servs. LLC*, 767 F.Supp.3d 406, 432 (W.D. Tex. 2025) (internal citations omitted) (citing *Rodriquez v. Wal-Mart Stores, Inc.*, 540 F. App'x 322, 328-29 (5th Cir. 2013)) ("Lodging an internal complaint that

explicitly alleges discrimination or harassment based on a protected characteristic thus qualifies as protected activity. But an internal complaint that does not allege discrimination or any other unlawful activity under Title VII is not considered protected activity.")

Further, regarding retaliation claims, "[i]t is black letter law that an employee's speculation or subjective belief that he was retaliated against because he engaged in protected activity cannot establish pretext." *Monsivais v. Arbitron, Inc.*, 44 F. Supp. 3d 702, 719 (S.D. Tex. 2014) (*citing Septimus v. Univ. of Hous.*, 399 F.3d 601, 611 (5th Cir. 2005)); *see also Pennington v. Tex. Dep't of Family & Protective Servs.*, 469 F. App'x 332, 339 (5th Cir. 2012) ("[Employee's] subjective belief that she was the victim of retaliation, even if that belief is genuine, is insufficient to carry her case without further evidence of pretext."). Plaintiff's allegations of retaliation should be dismissed for failure to state a claim.

**5. Plaintiff does not adequately plead a defamation claim.**

Plaintiff fails to adequately plead his defamation claim. Plaintiff alleges that he was defamed by employees of Defendant when he was "falsely accus[ed] [] of 72 violations of incomplete stops at stop signs and running red lights." Dkt. No. 1-1 at 16, ¶ 22. A defamation claim under Texas state law requires a plaintiff to plausibly allege "(1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, and (4) damages" where the statements are not defamation per se. *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015) (original proceeding).

First, Plaintiff fails to plausible allege that the allegedly false statements were published to a third party. See Dkt. No. 1-1 at 16, ¶ 22. "In addition, an employer has a conditional or qualified privilege that attaches to communications made in the course of an investigation following a report of employee wrongdoing." *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995). To overcome this, Plaintiff would need to show actual malice motivated the statements, or

put more directly, that the statements were made with knowledge of their falsity or reckless disregard as to their truth. *Id*. Plaintiff takes none of these steps in his Petition.

"Defamation per se refers to statements that are so obviously harmful that general damages, such as mental anguish and loss of reputation, are presumed." *In re Lipsky*, 460 S.W.3d at 596. "Accusing someone of a crime, of having a foul or loathsome disease, or of engaging in serious sexual misconduct are examples of defamation per se," as well as "[r]emarks that adversely reflect on a person's fitness to conduct his or her business or trade." *Id*. Further, defamation and defamation per se are not separate causes of action, the difference is in the proof of the resulting injury, but the need for all the elements remains. *See Downing v. Burns*, 348 S.W.3d 415, 425 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Plaintiff does not adequately plead any such claim. For these reasons, Plaintiff's defamation claim should be dismissed for failure to state a claim.

**6. Plaintiff does not adequately plead an FMLA interference claim.**

Title 29 U.S.C. § 2615(a)(1) prohibits employers from interference, restraint, or denial of rights granted by the FMLA. To establish a *prima facie* case of FMLA interference, an employee must plausibly allege that: "(1) he was an eligible employee; (2) his employer was subject to FMLA requirements; (3) he was entitled to leave; (4) he gave proper notice of his intention to take FMLA leave; and (5) his employer denied him the benefits to which he was entitled under the FMLA." *Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017).

Plaintiff alleges that "[Defendant's] Human Resources was uncooperative in providing [him] with Family Medical Leave papers when [he] needed them." Dkt. No. 1-1 at 16, ¶ 23. Plaintiff provides no additional factual allegations to support this claim. "[I]nterference with the exercise of an employee's [FMLA] rights includes not only refusing to authorize FMLA leave, but discouraging an employee from using such leave." *Martin v. Penske Logistics, LLC*, 736 F.Supp.3d

437, 449 (N.D. Tex. 2024) (quoting *Arismendiz v. Univ. of Tex. at El Paso*, 536 F.Supp.2d 710, 715 (W.D. Tex. 2008)). "But at a minimum, to establish interference, an 'employee must show ... that an employer did not respect the employee's FMLA entitlements.'" *Id*. (quoting *Bell v. Dallas Cnty.*, 432 F. App'x 330, 334 (5th Cir. 2011) (unpublished per curiam decision)). To fully plead an interference claim, Plaintiff must also plausibly allege that he was prejudiced by any interference. *Id*. at 450 (citing *Acker v. General Motors, L.L.C.*, 853 F.3d 784, 788 (5th Cir. 2017). "Prejudice exists when an employee loses compensation or benefits by reason of the violation, sustains other monetary losses as a direct result of the violation, such as the cost of providing care, or suffers some loss in employment status such that equitable relief is appropriate." *Id*. (quoting *Jones v. Children's Hosp.*, 58 F.Supp.3d 656, 669 (E.D. La. 2014). Plaintiff makes no such allegations. Accordingly, any such claim from Plaintiff should be dismissed.

## IV. CONCLUSION

As demonstrated above, and for any or all of the foregoing reasons, Plaintiff's Petition fails to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). Defendant therefore respectfully requests that this Court grant its Motion to Dismiss and dismiss with prejudice all claims asserted against it as set forth in Plaintiff's Petition. Defendant also requests that the Court otherwise award Defendant all other relief to which it may be justly entitled.

Dated: April 23, 2026

Respectfully Submitted,

*/s/ Kelli Fuqua*
Kelli Fuqua
Texas Bar No. 24097713
kfuqua@littler.com
Greg Dimirsky
Texas Bar No. 24142609
gdimirsky@littler.com
LITTLER MENDELSON, P.C.
100 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone: 512.982.7250
Facsimile: 512.982.7248

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2026, a true and correct copy of the above and foregoing has been served via electronic mail and U.S.P.S. certified mailing to the following *Pro Se* Plaintiff:

Jon R. Button
102 Lemuel Crawford Trail
Bastrop, Texas 78602
jaybeekillerbee@gmail.com

***Pro Se Plaintiff***

*/s/ Kelli Fuqua*
Kelli Fuqua
Greg Dimirsky