**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JON R. BUTTON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:26-CV-00965-RP** |
| | § | |
| **KEOLIS NORTH AMERICA A/K/A KEOLIS TRANSIT SERVICES, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

Plaintiff's Motion to Remand to State Court should be denied because Plaintiff provides no basis for this Court to conclude that removal was improper in this matter. Plaintiff's Motion does not contest Defendant's basis for removal, specifically, that diversity jurisdiction is established on the face of his live pleading. Plaintiff further fails to show that Defendant took any action in state court that would waive its right to remove this matter from state court. As more thoroughly set forth below, Plaintiff's Motion should be denied.

## I. INTRODUCTION

Defendant removed this case from the 353rd Judicial District Court of Travis County, Texas, on April 16, 2026. Dkt. No. 1. Defendant then filed its Rule 12(b)(6) Motion to Dismiss on April 23. Dkt. No. 3. Plaintiff made no response to Defendant's Motion by the May 7 deadline, so the Court issued a Show Cause Order, providing for a June 1 response deadline. Dkt. No. 6. In response to the Order, on May 14, Plaintiff filed his Motion to Remand to State Court. Dkt. No. 7. Plaintiff also filed an Emergency Motion for Extension of Time to Respond to Defendant's Motion to Dismiss. Dkt. No. 8. These motions were docketed May 18. Dkt. Nos. 7, 8. The Court vacated its Show Cause Order on May 19 in response to Plaintiff's filings. Dkt. No. 9.

The Court should deny Plaintiff's Motion to Remand because Plaintiff does not contest Defendant's valid basis for removal in this matter. In addition, Defendant took no action in state court that would support a finding of waiver of its right to remove this matter to this Court. For these reasons, as further set forth below, the Court should deny Plaintiff's Motion.

## II. ARGUMENT & AUTHORITIES

### A. Plaintiff does not refute Defendant's basis for removal.

Defendant properly removed this action to this Court, and Plaintiff's Motion does not refute the basis for Defendant's removal. This Court possesses original jurisdiction over this civil action based on diversity of citizenship. *See* 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter when: (1) the amount in controversy exceeds $75,000, exclusive of interest and costs and (2) the dispute is between citizens of different states. *Id.* § 1332(a)(1). Both requirements are satisfied, as set forth in Defendant's Notice of Removal. *See* Dkt. No. 1 at 2–4. Plaintiff is a resident of Texas, Defendant is not, and the amount in controversy exceeds the $75,000 threshold, given the damages sought in Plaintiff's Amended Petition. *See Id.* at 3–4; Dkt. No. 1-1 at 17.

Plaintiff does not deny the citizenship of the parties, nor does he deny that the requisite amount in controversy is satisfied here. Indeed, Plaintiff presents no argument or evidence to refute the Court's exercise of jurisdiction over this matter in his Motion. *See* Dkt. No. 7. Accordingly, his Motion should be denied.

### B. Defendant did not waive its right to remove.

Plaintiff fails to show that Defendant waived its right to remove this matter from state court to federal court. The right to remove is only waived by intentional and substantial defense within the state courts, which did not occur here. In fact, Defendant took no action in state court before removing this matter to this Court. Under these circumstances, waiver cannot be shown.

"A defendant may waive its right of removal by taking substantial action in state court prior to removal." *David K. Young Consulting, LLC v. Arnold*, No. SA–13–CV–00149–DAE, 2013 WL 1411654, at *2 (W.D. Tex. Apr. 8, 2013) (citation omitted). "It is well-established that waiver must be 'clear and indicate a specific, positive intent to proceed in state court.'" *Id.* at *4 (quoting *Jacko v. Thorn Americas, Inc.*, 121 F.Supp.2d 574, 576 (E.D. Tex. 2000)). "To waive the right of removal, a defendant 'must take some action that amounts to seeking an adjudication on the merits.'" *Badaiki v. Schlumberger Holdings Corp.*, 512 F.Supp.3d 741, 745 (S.D. Tex. 2021) (quoting *Arnold*, 2013 WL 1411654, at *4); *see also Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003), *superseded by statute on other grounds as recognized by Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 293–294 (5th Cir. 2019) ("[T]he right to removal is not lost by participating in state court proceedings short of seeking an adjudication on the merits.").

In support of his waiver argument, Plaintiff cites to *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986). Dkt. No. 7 at 2. *Brown* is readily distinguishable from the present case. In *Brown*, multiple defendants substantially litigated in state court over a four-year period and a late-comer defendant pursued removal. *Brown*, 792 F.2d at 480. The Fifth Circuit held removal was improper due to significant defensive actions by the other defendants in state court over the course of four years and the principle that all defendants must join in a petition for removal. *Id.* at 481. The other defendants had "filed answers, amended answers, motions of various kinds, third party demands, cross claims, amended cross claims, and participated in discovery and depositions." *Id.* Defendant took no such actions in the state court prior to removal. Instead, Defendant promptly removed this action to this Court. *See* Dkt. No. 1.

Plaintiff further fails to explain to the Court how an arbitration proceeding involving an individual and an entity that are not parties to this litigation should have any bearing on the

question of removal here. This case involves a lawsuit that Plaintiff filed against Defendant in state court and that Defendant chose to remove to this Court based on diversity jurisdiction. It remains unclear, and Plaintiff does not elucidate, how Defendant's alleged actions in a separate arbitration involving nonparties could affect Defendant's right to remove the lawsuit Plaintiff filed against it in state court. Plaintiff's arguments are unsupported, and his Motion should be denied.

## III. CONCLUSION

In light of the foregoing, Plaintiff's Motion to Remand to State Court should be denied.

Dated: May 26, 2026

Respectfully Submitted,

*/s/ Nicole S. LeFave*

Kelli Fuqua
Texas Bar No. 24097713
kfuqua@littler.com
Nicole S. LeFave
Texas Bar No. 24085432
nlefave@littler.com
Gregory Dimirsky
Texas Bar No. 24142609
gdimirsky@littler.com
LITTLER MENDELSON, P.C.
100 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone: 512.982.7250
Facsimile: 512.982.7248

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2026, a true and correct copy of the above and foregoing has been served via electronic mail and U.S.P.S. certified mail return receipt requested to the following *Pro Se* Plaintiff:

Jon R. Button
102 Lemuel Crawford Trail
Bastrop, Texas 78602
jaybeekillerbee@gmail.com

***Pro Se Plaintiff***

*/s/ Nicole S. LeFave*
Nicole S. LeFave