FILED
2026 JUN -9 PM 4:58
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ________ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF TEXAS
AUSTIN DIVISION

)
Jon R. Button, )
)
Plaintiff, )
) Case No.: 1:26-CV-00965-RP
v. )
)
Keolis Transit Services, LLC )
)
Defendant. )
______________________________)

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Jon R. Button, proceeding pro se, respectfully submits this Opposition to Defendant's Motion to Dismiss. For the reasons set forth below, the Defendant's motion should be denied.

I. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

When considering a motion to dismiss, the Court must "accept as true all of the factual allegations contained in the complaint." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, because Plaintiff is proceeding pro se, the Court must construe the pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

II. ARGUMENT

The Defendant's Motion to Dismiss relies entirely on a flawed understanding of the federal pleading standard. Defendant argues that the Complaint lacks physical or documentary evidence and asserts that Plaintiff's claims consist of "just what complainant's words are saying." This argument misstates the law under Rule 12(b)(6).

A. The Defendant Improperly Disputes Factual Accuracy at This Stage
Defendant claims that certain factual details in the Complaint are incorrect. However, a Rule 12(b)(6) motion is not a mechanism for the Court to resolve factual disputes or assess the

credibility of statements. Under Ashcroft v. Iqbal, the Court must accept all of Plaintiff's well-pleaded factual allegations as true. The written testimony provided by Plaintiff is an accurate statement of facts. Defendant's disagreements with those facts cannot be resolved at the pleading stage and must instead be addressed by a jury at trial.

B. Evidentiary Proof and Subpoenas Belong in the Discovery Phase
Defendant objects that Plaintiff has not yet attached or produced physical documents to support the allegations. This objection is legally premature. The Federal Rules of Civil Procedure do not require a Plaintiff to possess or attach a full trial record to their initial Complaint.

Plaintiff fully intends to invoke the court's compulsory process during the upcoming discovery phase, including subpoenaing relevant non-party witnesses and demanding specific corporate/personal documents from the Defendant to formally back up the factual statements made in the Complaint. Demanding that Plaintiff produce this subpoenaed evidence prior to the June 12th deadline—and before discovery has even been ordered to begin—defies established legal procedure.

III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss and allow this case to proceed to discovery.

Dated: June 9, 2026

Respectfully submitted,
Jon R. Button
Jon R. Button

______________________________

Jon R. Button
102 Lemuel Crawford Trl
Bastrop, TX 78602
512-910-1204
jaybeekillerbee@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of June, 2026, a true and correct copy of the foregoing Plaintiff's Opposition to Defendant's Motion to Dismiss was served via First-Class U.S. Mail to the attorney for the Defendant at the following address:

Kelli Fuqua
Littler Mendelson, P.C.
100 Congress Ave
Ste 1400
Austin, TX 78701
512-982-7250

Jon R. Button