**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JON R. BUTTON,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. 1:26-CV-00965-RP** |
| **KEOLIS NORTH AMERICA A/K/A KEOLIS TRANSIT SERVICES, LLC,** | § | |
| **Defendant.** | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY AND ALTERNATIVE MOTION TO REMAND TO STATE LAW CLAIMS**

Plaintiff's Motion for Leave to File Sur-Reply and Alternative Motion to Remand State Law Claims should be denied. Sur-replies are heavily disfavored as a general rule, and Plaintiff presents no reason to deviate from this general rule in his Motion. Plaintiff's proposed Sur-Reply contains no new information and no cognizable support for the overall plausibility of his claims. To the extent he seeks to re-urge his pending Motion to Remand, the proposed Sur-Reply is redundant. Accordingly, Plaintiff's Motion should be denied.

## I. ARGUMENT & AUTHORITIES

### A. Sur-Replies Are Heavily Disfavored.

"Although sur-replies 'are heavily disfavored,' it is within the sound discretion of the courts to grant or deny leave to file such additional briefing." *Cuellar v. Rodriquez*, No. EP23CV00237KCMAT, 2023 WL 6135685, at *1 (W.D. Tex. Sept. 19, 2023) (quoting *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 F. App'x 749, 751 n.2 (5th Cir. 2014) (per curiam)). As another district court in the Fifth Circuit noted, "surreplies often amount to little more than a strategic effort by the nonmovant to have the last word on a matter," and stand counter to the

interests of judicial economy because they "repeat[] arguments from the memorandum in opposition and serve[] only to delay resolution of the underlying motion." *Id.* (quoting *Weems v. Hodnett*, No. 10-CV-1452, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011)).

As a result, "it is proper to deny a motion for leave to file a surreply where the party fails to demonstrate exceptional or extraordinary circumstances warranting the relief sought." *Id.* (quoting *Weems*, 2011 WL 2731263, at *1); *see also Lacher v. West*, 147 F. Supp. 2d 5348, 540 (N.D. Tex. 2001) (denying leave to file sur-reply where plaintiff failed to demonstrate exceptional circumstances). "[I]n seeking leave to file a surreply brief, a party must identify the new issues, theories, or arguments which the movant raised for the first time in its reply brief." *Cuellar*, 2023 WL 6135685, at *1 (quoting *Weems*, 2011 WL 2731263, at *1). Otherwise, the court may properly exercise its discretion and deny leave to file a sur-reply.

Plaintiff's Motion fails to present any exceptional or extraordinary circumstances that warrant the filing of a sur-reply to Defendant's Motion to Dismiss. Accordingly, his Motion should be denied.

**B. Plaintiff's Proposed Sur-Reply Is Futile.**

Even if the Court were to exercise its discretion and permit the filing of Plaintiff's proposed Sur-Reply, the brief itself is futile because it merely re-hashes prior arguments that rest on multiple fundamental misunderstandings of the law. For example, Plaintiff asserts that by attaching his EEOC-issued Notice of Right to Sue to his Complaint, he exhausted his administrative remedies on all proposed claims. Dkt. Nos. 18 ¶ 2, 18-1 at 1. But the relevant legal inquiry is whether the underlying Charge of Discrimination can be read to have included the claims that Plaintiff now asserts. *See* Dkt. No. 3 at 3–4 (explaining why Plaintiff failed to exhaust his administrative remedies).

The Fifth Circuit expects courts to "engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label," in determining if a plaintiff has exhausted administrative remedies regarding certain claims. *Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006). A Notice of Right to Sue does not provide such details and cannot therefore determine the exhaustion of administrative remedies. It is the underlying Charge of Discrimination, and not the Notice of Right to Sue, that controls the Court's analysis.

Similarly, Plaintiff fails to apprehend that the Occupational Health and Safety Act ("OSHA") does not provide him with a private right of action. Plaintiff re-asserts his workplace safety concerns in his Motion and his proposed Sur-Reply. Dkt. Nos. 18 ¶ 4, 18-1 at 2. But there is no private cause of action for workplace safety grievances. *See* Dkt. No. 3 at 6–7 (explaining that OSHA does not contain a private right of action). Plaintiff's proposed Sur-Reply cannot create a private right of action where none exists.

Plaintiff's proposed Sur-Reply also inexplicably re-urges his pending Motion to Remand, upon which the Court has not yet ruled. *See* Dkt. No. 12. There is no plausible reason the Court should entertain a second Motion to Remand while Plaintiff's initial remand request remains pending. For this additional reason, Plaintiff's Motion for Leave should be denied.

## II. CONCLUSION

Sur-replies are heavily disfavored as a general rule, and Plaintiff presents no exceptional or extraordinary circumstances that warrant the filing of one in response to Defendant's Motion to Dismiss. Even if the Court were to entertain Plaintiff's proposed Sur-Reply, the arguments therein are unavailing. For these reasons, Defendant respectfully requests that Plaintiff's Motion be denied.

Dated: July 31, 2026

Respectfully Submitted,

*/s/ Nicole S. LeFave*

Kelli Fuqua
Texas Bar No. 24097713
kfuqua@littler.com
Nicole S. LeFave
Texas Bar No. 24085432
nlefave@littler.com
Gregory Dimirsky
Texas Bar No. 24142609
gdimirsky@littler.com
LITTLER MENDELSON, P.C.
100 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone: 512.982.7250
Facsimile: 512.982.7248

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2026, a true and correct copy of the above and foregoing has been served via electronic mail and U.S.P.S. certified mail return receipt requested to the following *Pro Se* Plaintiff:

Jon R. Button
102 Lemuel Crawford Trail
Bastrop, Texas 78602
jaybeekillerbee@gmail.com

***Pro Se Plaintiff***

*/s/ Nicole S. LeFave*
Nicole S. LeFave