**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JON R. BUTTON,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. 1:26-CV-00965-RP** |
| **KEOLIS NORTH AMERICA A/K/A KEOLIS TRANSIT SERVICES, LLC,** | § | |
| **Defendant.** | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE RESPONSE OUT OF TIME AND RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff's Motion for Leave to File Response Out of Time and Response in Opposition to Defendant's Motion to Dismiss should be denied. *See* Dkt. No. 31. Despite its title, Plaintiff again, in essence, seeks leave to file a sur-reply to Defendant's Motion to Dismiss. *See* Dkt. No. 18. As Defendant explained in opposing Plaintiff's prior request, sur-replies are heavily disfavored, and Plaintiff offers no basis for departing from that rule. *See* Dkt. No. 20. His proposed Response presents no new information or cognizable support for his claims and merely repeats arguments from prior filings. Plaintiff also failed to confer with Defendant before filing his Motion, as Local Rule CV-7(g) requires. Defendant opposes the Motion, which should be denied as redundant and futile.

## I. ARGUMENT & AUTHORITIES

### A. Plaintiff's proposed Response is a redundant and unnecessary sur-reply.

Plaintiff's proposed Response is a sur-reply in substance, regardless of its label. It raises no new issue and identifies no exceptional or extraordinary circumstance warranting additional briefing. Instead, it repeats arguments Plaintiff has already presented, and Defendant has already

answered, in connection with the pending Motion to Dismiss. As this Court has routinely recognized:

> [S]urreplies often amount to little more than a strategic effort by the nonmovant to have the last word on a matter. The fourth brief usually just repeats arguments from the memorandum in opposition and serves only to delay resolution of the underlying motion. Accordingly, it is proper to deny a motion for leave to file a surreply where the party fails to demonstrate exceptional or extraordinary circumstances warranting the relief sought.

*Cuellar v. Rodriquez*, No. EP-23-CV-00237-KC-MAT, 2023 WL 6135685, at *1 (W.D. Tex. Sept. 19, 2023) (quoting *Weems v. Hodnett*, No. 10-CV-1452, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011)).

That same reasoning applies here. Plaintiff again challenges diversity jurisdiction and seeks remand. Dkt. No. 31, ¶¶ 4–5. He previously raised those arguments in Dkt. Nos. 7, 13, and 18. Plaintiff also repeats his contention that his claims are plausibly pleaded. Dkt. No. 31, ¶¶ 6–9; *see also* Dkt. No. 13. Defendant addressed these issues in its Motion to Dismiss and supporting Reply. Dkt. Nos. 3, 14. Because the proposed Response offers no new argument or circumstance warranting further briefing, it would serve only to give Plaintiff another opportunity to reargue issues already before the Court. The Court should therefore deny leave to file it.

### B. Plaintiff failed to confer with Defendant before filing.

This Court calls upon litigants to confer "in a good-faith attempt to resolve the matter by agreement" before filing a nondispositive motion before the Court. W.D. Tex. Civ. R. 7(g). Further, the Court "may refuse to hear or may deny a nondispositive motion" when no such conference has occurred. *Id*. Such is the case here. Plaintiff failed to confer with Defendant prior to filing his redundant Motion. Had he done so, Defendant would have indicated its opposition to the Motion and shared with Plaintiff the futile nature of such a motion. No such opportunity was granted, however. Accordingly, Plaintiff's Motion should now be denied.

## II. CONCLUSION

Plaintiff's proposed Response merely repeats arguments already before the Court and presents no exceptional circumstance warranting a sur-reply. Plaintiff also failed to confer with Defendant before filing his nondispositive Motion, as Local Rule CV-7(g) requires. Defendant therefore respectfully requests that the Court deny Plaintiff's Motion for Leave to File Response Out of Time.

Dated: October 16, 2026

Respectfully Submitted,

*/s/ Kelli Fuqua*

Kelli Fuqua
Texas Bar No. 24097713
kfuqua@littler.com
Nicole S. LeFave
Texas Bar No. 24085432
nlefave@littler.com
Gregory Dimirsky
Texas Bar No. 24142609
gdimirsky@littler.com
LITTLER MENDELSON, P.C.
100 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone: 512.982.7250
Facsimile: 512.597.2576

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2026, a true and correct copy of the above and foregoing has been served via electronic mail and U.S.P.S. certified mail return receipt requested to the following *Pro Se* Plaintiff:

Jon R. Button
102 Lemuel Crawford Trail
Bastrop, Texas 78602
jaybeekillerbee@gmail.com

***Pro Se Plaintiff***

*/s/ Gregory Dimirsky*
Gregory Dimirsky